THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.: 1:23-cv-809 |

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Defendant"), by undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal of this action from the Circuit Court for Fairfax County, Virginia, in which it is now pending, to the United States District Court for the Eastern District of Virginia, on the following grounds:

1.  Defendant has been named in a lawsuit filed in the Circuit Court for Fairfax County, Virginia, captioned *Paul Shao v. Allstate Insurance Company*, Case No. 2023-7310 (the "State Court Action").

2.  Plaintiff's Complaint asserts twelve causes of action against Defendant: (1) failure to pay full TPP amount; (2) failure to pay the portion of the book; (3) conversion; (4) intent to deceive; (5) Allstate violates the principle of consideration; (6) Allstate Production Quota nulls the status of an EA as an independent contractor; (7) Allstate denies due process in its administrative disciplinary operation; (8) rule of law had not been evenly or equitably applied; (9) Allstate silences and/or punishes the expressions of man's humanity-to-man among agents and Allstate members; (10) Allstate confiscates Agents' wallet and committed fraud; (11) Allstate violates

1

Plaintiff's human right (violation of Title VII, the ADA, and the ADEA); and (12) Allstate put Shao in harm's way.  *See* generally Complaint, attached hereto as Exhibit A.

3. Plaintiff filed his Complaint on May 12, 2023, and on May 24, 2023, service of same was effectuated on Defendant.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date on which Defendant was served with the Summons and Complaint – May 24, 2023.

5. Removal of this matter is proper under 28 U.S.C. §§ 1331 and 1441(a) because this Court has original jurisdiction of this action.  Shao asserts claims for violations of his human right due to discrimination, which he alleges violates Title VII of the Civil Rights Act of 1964, the American Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA).

6. In addition, removal of this matter is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because this Court has original jurisdiction of this action due to diversity of citizenship. According to the Complaint, the Plaintiff resides in Virginia. Complaint ¶ 2.  Defendant is an Illinois corporation with its principal place of business located in Northbrook, Illinois.

7. Further, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Indeed, Plaintiff alleges that he is entitled to damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00).  Specifically, Plaintiff alleges that he is entitled to $17,293.90 under his first cause of action and $53,019.43 under his second cause of action, which equals a total of $70,313.33 compensatory damages.  Complaint ¶¶ 67, 73. Plaintiff also alleges he is entitled to $350,000 in punitive damages. *Id*. at ¶ 81. *See, e.g.*, *Bell v. Preferred Life Assurance Society*, 320 U.S. 328, 64 S.Ct. 5, 88 L.Ed. 15 (punitive and actual damages can be aggregated to meet amount in controversy requirement); *Church Hill Place Insvestments, LLC v. MDA Lending Solutions, Inc.*, No. 3:10CV288, 2011 WL 976458, at *2 (E.D. Va. Feb. 25, 2011)

(same). *See also Johnson v. Xerox Educ. Sols. LLC*, No. GJH-14-CV-15422, 2014 WL 5361302, at *5 (D. Md. Oct. 20, 2014) (denying Plaintiff's Motion to Remand and finding that "[a]s Plaintiff's Complaint puts the amount in controversy above $75,000, Defendants are not required to prove to a legal certainty that Plaintiff could recover more than $75,000 if he prevailed."); *Stevens v. U.S. Bank Nat. Ass'n*, No. CIV.A. DKC15-1780, 2015 WL 5201578, at *2 (D. Md. Sept. 4, 2015) ("Generally, the amount requested in the complaint determines the amount in controversy.").

8. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

9. Filed herewith are copies of the Complaint filed in the State Court Action as well as all process and pleadings currently in Defendant's possession.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this action be removed to the United States District Court for the Eastern District of Virginia; and that no further proceedings be had in the Circuit Court for Fairfax County, Virginia.

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (pro hac forthcoming)
Katie M. Burnett (pro hac forthcoming)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com
*Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2023, a copy of the foregoing *Defendant's Notice of Removal* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

　　　　　　　　　　　　　　　　　　　　*/s/ Laura Seferian*
　　　　　　　　　　　　　　　　　　　　Laura Seferian