THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.: 1:23-cv-809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully submits this response in opposition to the Motion to Remand filed by Plaintiff Paul Shao ("Shao" or "Plaintiff"):

**INTRODUCTION**

Plaintiff Shao initiated this action in the Circuit Court for Fairfax County, Virginia, on May 12, 2023 and served Allstate with the Complaint on May 24, 2023. Dkts. 1, 1-1. Allstate removed the case from the Circuit Court for Fairfax County on June 22, 2023. Dkt. 1. On June 27, 2023, Shao moved to remand the case back to the Circuit Court. *See* Dkt. 4. In doing so, Shao appears to claim that Allstate's removal was "procedurally improper," and this Court lacks jurisdiction over this matter. Shao, however, is mistaken because Allstate followed the removal procedures set forth in 28 U.S.C. § 1446(b) and this Court has two bases for original jurisdiction: (1) federal question jurisdiction pursuant to Shao's allegations of discrimination under Title VII of the Civil Rights Act, the American Disabilities Act, and the Age Discrimination in Employment Act; and (2)

22988737 v1

diversity jurisdiction. Accordingly, this Court should deny Shao's Motion to Remand because removal to federal court is proper.

## ARGUMENT

### I.     Allstate's Removal Of Shao's Complaint Is Procedurally Proper.

To perfect removal of a civil action from state court to a federal district court, Allstate was required to file a "short and plain statement of the grounds of removal, together with a copy of all process, pleadings and orders served… within 30 days after the receipt by the defendant"  28 U.S.C. § 1446(a) and (b).  Allstate complied with these requirements in that it filed its Notice of Removal on June 22, 2023, which is within thirty days of the date on which Defendant was served with the Summons and Complaint, May 24, 2023.  Dkt. 1.  Moreover, Allstate complied with the requirements of 28 U.S.C. § 1446(a) in that it filed its grounds of removal, which are set forth more fully below, along with all process and pleadings Allstate received in the federal court.  *Id*.

### II.    Shao's Complaint Raises A Federal Question.

Removal of this matter is proper under 28 U.S.C. §§ 1331 and 1441(a) because Shao's Complaint raises a federal question.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending.").

"A case arises under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire*

*Healthchoice Assurance. Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citations and quotations omitted).  Here, the face of Shao's Complaint asserts claims for violations of his human right due to discrimination.   Shao alleges that this discrimination violates Title VII of the Civil Rights Act of 1964 ("Title VII"), the American Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").  *See, e.g.*, Dkt. 1-1 at p. 40-41.

Each of these statutes are federal statutes. Consequently, this court has original jurisdiction to hear Shao's action. 28 U.S.C. § 1331.  Moreover, Title VII provides that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f)(3). Likewise, this Court has original federal jurisdiction over ADA and ADEA claims.  *See Cook v. Unisys Fed. Gov't, Grp.*, No. 7:14-CV-579, 2015 WL 5690928, at *3 (W.D. Va. Sept. 3, 2015), *report and recommendation adopted*, No. 7:14CV00579, 2015 WL 5690976 (W.D. Va. Sept. 28, 2015) (gathering cases).  Thus, the relief sought by Shao necessarily depends on the resolution of the substantial question of federal law of whether Shao was subject to discrimination.

Shao states that he "omit[ed] the inclusion of the Virginia Human Rights Act (VHRA) in his Complaint," and attaches a declaration in which he "promise[s] to make an amended complaint which will add and incorporate the VHRA in Shao's claims for violations of his human right to due to discrimination." Dkt. 4 ¶¶ 3, 11. However, Shao's omission of the Virginia Human Rights Act ("VHRA"), and his promise to add such claim, has no effect on the Court's original federal jurisdiction over Title VII, ADA, and ADEA claims.  Shao cannot avoid removal by simply adding claims for the VHRA because the claim does not deprive the Court of its original federal jurisdiction over Shao's Title VII, ADA, and ADEA claims.  And even if Shao were to substitute

3

the Title VII, ADA, and ADEA claims for the VHRA claim (which he has not done), the Court still has diversity jurisdiction over Shao's claims against Allstate.

Moreover, the Court cannot consider Shao's promise to include a VHRA claim in its determination of whether to remand this case to the Circuit Court. The Court must examine Shao's operative complaint as it stood when Allstate sought to remove the case to federal court when determining whether the case should be remanded. *See McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 651 (S.D.W. Va. 2012); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *McElroy v. SOS Int'l, Inc.*, 730 F. Supp. 803, 806 (N.D. Ill. 1989). Thus, the Court must exclude the potential VHRA claim from its consideration of Shao's Motion to Remand.

Finally, because this Court has federal question jurisdiction over Plaintiff's Title VII, ADA, and ADEA claims, this Court has "supplemental jurisdiction over claims appended to any civil action over which the court has original jurisdiction." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 114 (4th Cir. 2001) (citing 28 U.S.C. § 1367). The other claims Shao asserts in his Complaint arise out of the same case or controversy as the Title VII, ADA, and ADEA claims and relate to the same set of facts and circumstances. *Cook*, 2015 WL 5690928, at *3.

For these reasons, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. Shao's Motion to Remand should be denied.

### III.   Shao's Complaint Demonstrates The Existence Of Diversity Jurisdiction.

In addition, or in the alternative, removal of this matter is proper under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original jurisdiction of this action due to diversity of citizenship because (1) the parties are diverse and (2) the amount of controversy exceeds $75,000.

22988737 v1

*First*, there is no dispute that the parties are diverse. Plaintiff resides in Virginia, and the Defendant is an Illinois corporation with its principal place of business located in Northbrook, Illinois. Dkt. 1-1 ¶ 2.

*Second*, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. "[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). "In most cases, the sum claimed by the plaintiff controls the amount in controversy determination." *JTH Tax, Inc. v. Frasier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal citations omitted). Here, Plaintiff alleges that he is entitled to $17,293.90 under his first cause of action and $53,019.43 under his second cause of action, which equals a total of $70,313.33 compensatory damages. Dkt. 1-1 ¶¶ 67, 73. In addition to these damages, Plaintiff alleges that he is entitled to $350,000 in punitive damages. *Id*. at ¶ 81. Thus, the amount to which Shao claims he is entitled—over $420,000—satisfies the amount in controversy as it exceeds the threshold of $75,000. *Id*.

Moreover, federal courts in the Eastern District of Virginia aggregate plaintiffs' alleged actual and punitive damages to meet the amount in controversy requirement. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Church Hill Place Insvestments, LLC v. MDA Lending Solutions, Inc.*, No. 3:10CV288, 2011 WL 976458, at *2 (E.D. Va. Feb. 25, 2011); *Baptist v. Zurich Am. Ins. Co.*, No. 3:19-CV-186, 2019 WL 13251258, at *1 n.2 (E.D. Va. July 9, 2019). Other courts in the Fourth Circuit likewise aggregate actual and punitive damages to meet the amount in controversy requirement. *Mansaray v. Mut. Benefit Ins. Co.*, No. PX-17-0098, 2017 WL 2778824, at *3 n.5 (D. Md. June 26, 2017); *Baron v. Directv, LLC*, No. JKB-16-3145, 2016

WL 6078263, at *1 (D. Md. Oct. 17, 2016).  Thus, Shao's alleged damages of $420,000 meets the amount in controversy requirement set forth by 28 U.S.C. § 1332.

Finally, to justify remand, it must appear to a legal certainty that the claim is for less than the jurisdictional amount, $75,000.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 238, 288–89 (1938).  Here, it is not "legally certain" that Shao's claim is for less than $75,000.  *Church Hill Place Invs., LLC v. MDA Lending Sols., Inc.*, No. 3:10CV288, 2011 WL 976458, at *3 (E.D. Va. Feb. 25, 2011), *report and recommendation adopted sub nom. Church Hill Invs., LLC v. MDA Lending Sols., Inc.*, No. 3:10CV288, 2011 WL 938350 (E.D. Va. Mar. 15, 2011); *Johnson v. Xerox Educ. Sols. LLC*, No. GJH-14-CV-15422, 2014 WL 5361302, at *5 (D. Md. Oct. 20, 2014) ("As Plaintiff's Complaint puts the amount in controversy above $75,000, Defendants are not required to prove to a legal certainty that Plaintiff could recover more than $75,000 if he prevailed.").  Rather, the only certainty in this case is that Shao's Complaint alleges that he is entitled to over $420,000.  Thus, Shao's argument that this case should nonetheless be remanded, in spite of the amount he pleads, is "fatally inconsistent."  *Church Hill Place*, 2011 WL 976458 at *4.  Shao cannot request well over the federal jurisdictional amount, while also desiring that his case be resolved in state court.  *Id*.  Accordingly, Shao cannot have it both ways, and this case is properly resolved in federal court.  *Id*.

For these reasons, removal of this action is proper under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and Shao's Motion to Remand should be denied.

## CONCLUSION

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Court deny Plaintiff Paul Shao's Motion to Remand in its entirety.

|  |  |
|---|---|
| Dated: July 11, 2023 | Respectfully submitted, |

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (pro hac forthcoming)
Katie M. Burnett (pro hac forthcoming)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949
Facsimile:  312.767.9192
Email:  lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2023, a copy of the foregoing *Defendant's Notice of Removal* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                                    */s/ Laura Seferian*
                                                    Laura Seferian

22988737 v1