THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO,<br><br>　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　Defendant. | No.: 1:23-cv-00809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SANCTIONS**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully submits this response in opposition to the Amended Motion for Sanctions ("Motion") filed by Plaintiff Paul Shao ("Shao" or "Plaintiff"):

1.　In his Motion, Plaintiff Shao claims that counsel for Allstate violated Rule 3.1-3.9 of the ABA Model Rules of Professional Conduct and Rule 11(b) of the Federal Rules of Civil Procedure by (1) citing cases that Shao believes are not applicable to the facts he alleges in his Complaint; (2) answering Shao's complaint in a manner that he does not believe is sufficient; (3) requesting attorneys' fees and costs in Allstate's answer; and (4) filing Allstate's Notice of Removal, which Shao believes is frivolous. Dkt. 16 at p. 1-2, 5. Thus, it seems that Shao is seeking sanctions against Allstate's counsel simply because he disagrees with Allstate's defenses and/or believes that Allstate should capitulate to his demands. *Id*.

2.　Counsel for Allstate has not violated either Rule 3.1-3.9 of the ABA Model Rules of Professional Conduct nor Rule 11(b) of the Federal Rules of Civil Procedure. Rule 3.1 of the ABA Model Rules of Professional Conduct provides, in summary, that lawyers shall not raise issues "unless there is a basis in law and fact for doing so that is not frivolous, which includes a

1

good faith argument…" ABA Rule 3.1.  Further, Rule 3.3 states in summary that lawyers shall not knowingly make false statements of fact or law.  ABA Rule 3.3.[1]  Similarly, Rule 11(b) of the Federal Rules of Civil Procedure requires, in sum, that attorneys have knowledge, information, and belief to present claims and defenses.  Fed. R. Civ. P. 11(b).

3. Aside from the ABA Rules being guidelines and not law, Allstate did not violate these Rules by citing to case law from this Circuit.  *See* Dkt. 1 ¶ 7; Dkt. 9 at p. 5-6.  Allstate has a good faith basis to believe that the cases it cited in its Notice of Removal and its recent Response in Opposition to Shao's Motion to Remand find that (a) the amount of damages requested in the complaint determines the amount in controversy and (b) damages requested in a complaint can be aggregated to meet the $75,000 threshold necessary for diversity jurisdiction.  *Id.*

4. Nor did counsel for Allstate violate these Rules by answering Shao's complaint with short and concise answers or requesting attorneys' fees and costs in its answer.  Federal Rule of Civil Procedure 8 requires that an answer "admit or deny the allegations asserted against it," "deny all the allegations… by a general denial," or state that "[Allstate] lacks knowledge or information sufficient to form a belief about the truth of an allegation."  Fed. R. Civ. P. 8(b).  Further, pleadings must include a demand for the relief sought.  *Id*. at 8(a).  Allstate complied with these requirements when it answered Shao's Complaint.  *See* Dkt. 6.

5. Shao also takes issue with Allstate filing its Notice of Removal to remove Shao's case to federal court.  However, Shao's complaint provides two bases for removal, and this case may be properly resolved by the federal court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  Thus, Allstate's Filing of the Notice of Removal is not frivolous.

---

[1] The remainder of ABA Rules 3.2 and 3.4-3.9 are not relevant to the situation at hand.

6. Therefore, Allstate did not violate ABA Model Rules 3.1-3.9 or Federal Rule of Civil Procedure 11(b) for filing answering Shao's Complaint in compliance with the Rules of Civil Procedure or filing its Notice of Removal. Accordingly, there is no basis for sanctions.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Court deny Plaintiff Paul Shao's Amended Motion for Sanctions in its entirety.

Dated: August 3, 2023

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2023, a copy of the foregoing *Defendant's Response In Opposition To Plaintiff's Amended Motion For Sanctions* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                                                                            */s/ Laura Seferian*
                                                                                            Laura Seferian

23057416 v1