UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PAUL SHAO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23cv809 (RDA/WEF) |
| ) | |
| ALLSTATE INSURANCE COMPANY ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

This matter is before the Court on *pro se* Plaintiff's Motion for Leave to File Amended Complaint After Nonsuit (the "Motion"). (Dkt. 19). Plaintiff waived oral arguments and submitted the case on the record and the briefs. (Dkt. 20). Under Local Rule 7(F), "Unless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service." Plaintiff filed his Motion on August 8, 2023, and Defendant did not submit a response within 14 days, thus the motion is unopposed.

Plaintiff filed his Complaint in the Circuit Court for Fairfax County, Virginia on May 12, 2023, and on May 24, 2023, service of the Complaint was effectuated on Defendant. (Dkt. 1 ¶¶ 1, 3). Defendant filed a Notice of Removal from the Circuit Court for Fairfax County, Virginia to this Court on June 22, 2023. (Dkt. 1). On June 27, 2023, Plaintiff filed a Motion to Remand (Dkt. 4), in which he included a declaration "admitt[ing] his mistakes by omitting the inclusion of the Virginia Human Rights Act (VHRA) in his complaint" and "promise[d] to make an amended complaint which will add and incorporate the VHRA in [his] claims for violations of his human

right due to discrimination." (Dkt. 4-1).[1]

On August 8, 2023, Plaintiff filed his Motion for Leave to File Amended Complaint After Nonsuit. (Dkt. 19). Plaintiff asserts that he mistakenly omitted the Virginia Human Rights Act (VHRA) in the Twelfth Cause of Action, had many textual and format errors in the original complaint that need to be corrected, and seeks to add "one more cause of action on compensatory damages," after he reread conversations with Defendant's counsel. (Dkt. 19, at 1).

A court should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that liberal standard, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Having reviewed *pro se* Plaintiff's Motion, the undersigned does not find prejudice, bad faith, or futility here. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion (Dkt. 19) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Amended Complaint is deemed filed as of today.

**ENTERED** this 29th day of August, 2023.

*William C. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[1] On August 8, 2023, Plaintiff filed a motion to withdraw his Motion to Remand (Dkt. 21) because he was "about to add a new cause of action to the forthcoming Amended Complaint after Nonsuit." The Court granted the motion on August 23, 2023. (Dkt. 22).