**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

PAUL SHAO

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

Civil Action No.: 1:23-cv-809

**JOINT DISCOVERY PLAN**

Plaintiff Paul Shao ("Plaintiff" or "Shao") and Defendant Allstate Insurance Company ("Defendant" or "Allstate"), pursuant to Rule 26(A) of the Federal Rules of Civil Procedure, Local Civil Rule 26(A), and this Court's Scheduling Order, dated September 13, 2023 (Dkt. 29), hereby jointly propose the following discovery plan:

1.      On October 11, 2023, the parties conferred prior to the initial pretrial conference.

2.      The parties have conferred regarding the claims, defenses, possibilities of a prompt settlement or resolution of the case, trial before a Magistrate Judge, to arrange for the disclosures required by Rule 26(a)(1), and to develop a discovery plan which will complete discovery by February 9, 2024.  Both parties agree with the proposed discovery plan.

3.      To the extent the parties believe mediation would aid in their efforts, they will so notify the Court and seek referral to a magistrate judge for a settlement conference.

4.      The parties do not consent to proceed before a United States Magistrate Judge.

5.      The parties will exchange Fed. R. Civ. P. 26(a)(1) disclosures by November 7, 2023.

6.     Pursuant to this Court's September 13, 2023 Order (Dkt. 29), no party may exceed five (5) non-party, non-expert witness depositions and may not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of Court. The parties agree that interrogatories, requests for admissions, and requests for documents must be served no later than November 10, 2023.

7.     Discovery of Electronically Stored Information:   The parties discussed issues relating to disclosure or discovery of electronically stored information ("ESI") and agree to the following: (1) the parties may seek ESI regarding any of the subject matters alleged in the pleadings in this consolidated action; (2) disclosure or production of ESI will generally be limited to data reasonably available to the parties in the ordinary course of business; (3) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (4) the parties agree to produce ESI in native format where feasible; (5) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; (6) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information; and (7) the parties do not at this time anticipate that any other problems will arise in connection with electronic or computer-based discovery.

8.     Protective Order:  The parties will confer on the terms of an appropriate protective order that may be deemed necessary to protect any confidential or proprietary information that may be exchanged during the course of discovery. The parties shall file the appropriate motion with the Court for approval of same should it become necessary.

9.     The parties agree that each party will be entitled to take the depositions of each of the parties and each expert witness designated by any of the parties.

23356800 v1

10.     The parties agree that the deadline for deposition notices is December 20, 2023.

11.     Plaintiff will serve disclosures of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) no later than December 29, 2023. Defendants will serve disclosures of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) no later than January 12, 2023. Plaintiff shall disclose rebuttal evidence pursuant to Fed. R. Civ. P. 26(a)(2) no later than January 24, 2023.

12.     The parties agree that the last day to file motions is February 2, 2023.

13.     The parties will electronically file Fed. R. Civ. P. 26(a)(3) disclosures, exhibit lists, witness lists, and a written stipulation of uncontested facts on or before the final pretrial conference, Thursday, February 22, 2024 at 10:00 a.m.  The exhibits themselves or a copy should be exchanged with opposing counsel before the conference. Objections to exhibits must be filed by March 4, 2023.

14.     Claim of Privilege or Protection of Trial Preparation Materials: The parties have agreed that an inadvertent production or disclosure of materials subject to a claim of privilege or work product shall not cause a waiver of such privilege or protection. In the event that either party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing party will identify the inadvertent disclosure and the receiving party will promptly return the materials. Each party will also produce a log of all documents withheld on the basis of attorney client privilege or other evidentiary privilege or doctrine.

15.     Preservation of Discoverable Materials: The parties have confirmed that they are taking all reasonable steps necessary to preserve all discoverable material.

16.     The parties have discussed all other items required to be discussed by Rule 26(f).

17.     The parties reserve the right to seek modification of this plan, either individually or jointly, for good cause.

Dated:  October 11, 2023

/s/ Paul Shao                               
Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

/s/ Laura Seferian                          
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949
Facsimile:  312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*