THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　Defendant. | No.: 1:23-cv-00809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION ON
PLAINTIFF'S MOTION TO COMPEL DISCLOSURE**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully submits this response in opposition to Plaintiff's Motion for Reconsideration on Plaintiff's Motion to Compel Disclosure After Nonsuit ("Motion for Reconsideration") filed by Plaintiff Paul Shao ("Shao" or "Plaintiff"):

　　1.　　On November 9, 2023, Shao filed his Motion to Compel Disclosures. (Dkt. 39). Allstate submitted its Opposition on November 27, 2023 (Dkt. 46). On December 1, 2023, the Court heard arguments and denied Plaintiff's Motion to Compel Disclosures. The Court entered an Order accordingly ("December 1 Order"). (Dkt. 49).

　　2.　　On December 15, 2023, Shao filed his Motion for Reconsideration. (Dkt. 56). Shao seeks reconsideration of the December 1 Order.

　　3.　　Under Rule 54(b), the court has discretion to revise its decision at any time before the entry of a judgment. Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b) is appropriate when "the prior decision was clearly erroneous and would work manifest injustice." *Williams v.*

1

*Clarke*, 2014 WL 2808845, at *1 (E.D. Va. 2014) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id*.

4. Shao's Motion for Reconsideration asserts—for a second time, without citation to any rule or case—that Allstate violated Rule 26(a) by not providing the personal information of identified witnesses. This argument improperly rehashes the same argument raised in Shao's Motion to Compel Initial Disclosures and cannot serve as a basis for reconsideration of a prior decision. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (noting that a motion to reconsider should not be used "to ask the Court to rethink what the Court had already thought through—rightly or wrongly.")

5. In response to Shao's previous baseless Motion to Compel, this Court previously found that Allstate fully complied with its Rule 26 initial disclosures obligations. (Dkt. 49.) The Court explained "Defendant Allstate has fully complied with its Rule 26 initial obligations." (*Id.*) The Court further stated, "If Plaintiff Shao wishes to request additional information about individuals he believes have discoverable information, he may do so through an interrogatory or other proper discovery request." (Dkt. 49). Shao remained free to request this information from Allstate, but he has not done so. Instead, Shao ignored the Court's direction and requests reconsideration of the Court's December 1 Order, without any legal or factual basis.

6. As the Court explained to Shao in open court, Allstate does not need to provide the personal contact information of employees who are readily accessible through Allstate's counsel. *MTGLQ Invs., LP v. Wellington*, 856 F. App'x 146, 157 (10th Cir. 2021) (magistrate judge properly found that an identified "witness's telephone number need not be disclosed if the witness is represented by counsel"). Additionally, Allstate does not have the personal contact information for other identified witnesses. Allstate did not violate its Rule 26 obligations by failing to disclose

information it does not have. *Osman v. Youngs Healthcare, Inc.*, WL 2071281, at *5 (E.D. Va. Feb. 16, 2023) (party's failure to provide a witness's address in its initial disclosures is not a Rule 26 violation, particularly when the party did not know the address).

7. Allstate continues to comply with its Rule 26 initial obligations.

8. Shao further argues that this Court's December 1 Order does not apply to requests made prior to December 1st. Plaintiff does not cite any legal authority for this proposition. Instead, Shao seems to generally take issue with the Court's application of Rule 26. Mere disagreement with the court's application of the law is insufficient to support a motion for reconsideration. *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 815, 820 (E.D. Va. 2019). Shao's Motion should be denied.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Dated: December 21, 2023

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st of December, a copy of the foregoing *Defendant's Response In Opposition To Plaintiff's Motion for Reconsideration on Plaintiff's Motion to Compel Disclosure* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                                */s/ Laura Seferian*
                                                Laura Seferian