THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>  Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>  Defendant. | No.: 1:23-cv-00809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
MOTION TO EXTEND THE DISCOVERY DEADLINE**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully submits its Motion to Extend the Discovery Deadline ("Motion") to March 8, 2024. In support thereof, Allstate states as follows:

1. On October 18, 2023, this Court entered its Scheduling Order. (Dkt. 34). Pursuant to this Order, all discovery must be concluded by February 9, 2024. The Order also required both parties to notice depositions by December 27, 2023. (*Id*.).

2. On December 6, 2024, Plaintiff Paul Shao ("Shao") filed his Motion to Continue Final Pretrial Conference (Dkt. 52) and his Motion to Extend the Deadline for Deposition Notice (Dkt. 53). This Court granted Plaintiff's requests and extended the deadline to serve depositions notices to January 19, 2024. (Dkt. 55). The Court also set the parties final pretrial conference for March 21, 2024. (*Id*.). The deadline for fact discovery remained February 9, 2024. (Dkt. 79).

3. Allstate served Plaintiff Paul Shao ("Shao") his deposition notice on January 4, 2024. Shao refused to accept this notice and refused to schedule his deposition. As a result, Allstate

has been unable to take Shao's deposition. On February 5, the Court Ordered Shao to meet and confer with Allstate regarding his deposition. (Dkt. 82).

4. Additionally, Shao's document production is deficient, and Allstate is filing a motion to compel this discovery this evening or tomorrow morning.

5. The Court may modify a scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b); E.D. Va. Loc. Civ. R. 16. "Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence." *Hooker v. Sirius XM Radio, Inc.*, 2015 WL 10937407, at *2 (E.D. Va. Sept. 25, 2015) (citations omitted).

6. Allstate respectfully requests that this Court extend the fact discovery deadline by four weeks to March 8, 2024. This will allow sufficient time for the parties to take depositions and resolve disputes over Shao's production deficiencies.

7. Allstate is making this request in good faith and not for the purpose of undue delay. Allstate has acted diligently in meeting the discovery deadline, and this is Allstate's first request for an extension of the discovery deadline.

WHEREFORE, Allstate respectfully requests that this Court enter an Order: (a) extending the deadline for discovery to March 8, 2024; and (b) for any and all other relief that this Court deems proper and just.

Dated:  February 7, 2024

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
Meghan Golden (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600

Chicago, Illinois 60606-4637
Telephone:  312.212.4949
Facsimile:  312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th of February a copy of the foregoing *Defendant Allstate Insurance Company's Motion to Extend Discovery* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                                */s/ Laura Seferian*
                                                Laura Seferian