THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PAUL SHAO

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

No.: 1:23-cv-00809

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
<u>MOTION TO REMOVE FROM DOCKET</u>**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully moves to remove from the docket Exhibits B[1], C.1, C.2, D, E, F I.1, I.2, I.3, I.4, I.5 to Plaintiff's Responses In Opposition To Defendant's Production of Documents ("Exhibits") (Dkt. 107). The Exhibits contain confidential information, were marked as confidential, and should not be available for viewing by the general public. As grounds for this Motion, Allstate states as follows:

1.    Since the inception of this suit, Shao has deliberately disregarded this Court's rules and well-established legal principles. Shao's most recent decision to file confidential documents on a public docket in defiance of the Protective Order (Dkt. 45) is yet another example of his reckless behavior.

2.    On October 25, 2023, Shao approached Allstate with a draft copy of an Agreed Protective Order. Allstate agreed to that Order, and Shao filed the Order with the Court on November 22, 2023. (Dkt. 45.) In other words, Shao either drafted the Agreed Protective Order

---

[1] Shao appears to have attempted to redact Exhibit B. However, the underlying confidential information is still legible.

1

himself or found a copy of one with favorable terms for him. He is thus aware (or should be aware) of its contents and the obligations set forth therein.

3. The parties are presently engaged in a series of written discovery disputes. On February 13, Allstate produced responsive documents to Shao. Allstate marked certain documents confidential pursuant to the parties Protective Order. (Dkt. 45). Allstate also branded the documents with the language, "Confidential – Not for Public Disclosure per Dkt. 45."

4. The Agreed Protective Order defines "Confidential Information" as "any document, electronically stored information, testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties in the manner provide below as containing: customer information, information that implicates common law and/or statutory privacy interests; competitive business information, or information that a party otherwise believes is otherwise entitled to protection." (Dkt. 45, ¶ 2).

5. Paragraph 6 of the Agreed Protective Order prohibits the disclosure of Confidential Information except to a limited group of people, including (a) attorneys working on the case; (b) people employed by the attorneys who work is necessary; (c) expert witnesses and consultants; (d) Court personnel; (e) stenographic reporters; (f) deponents and potential witnesses who have a copy of the protective order; and (g) other individuals by written agreement of all parties. (Dkt. 45, ¶ 6).

6. Paragraph 9 of the Protective Order provides: "If either party wishes to publicly file with the Court any information or document(s) designated as Confidential by the other party, the party seeking to file (the "Filing" Party) shall first confer with the party that made the confidentiality designation…" (Dkt. 45, ¶ 9).

7. Beyond marking its documents confidential, Allstate took further steps to ensure that Shao knew that the documents included confidential information, fell under the purview of the Protective Order, and could not be filed on the public docket. Specifically, in the cover e-mail, counsel for Allstate wrote "See attached. Note that these are each marked 'Confidential.' Pursuant to the Agreed Protective Order (Dkt. 45), they are not to be filed publicly on the docket or otherwise disclosed outside of this litigation, other than to the categories of individuals listed in the Order." (Dkt. 107-1, Exhibit A to Shao's Motion).

8. Nevertheless, and despite Allstate's notice, Shao attached the confidential Exhibits to his Responses in Opposition to Defendant Production of Documents and filed the Response publicly on the docket. (Dkt. 107). The Exhibits are marked Confidential, and the words Confidential are clear and legible on the documents. Shao's Motion even acknowledges this. (Dkt. 107, ¶ 1).

9. The documents contained in Shao's Exhibits were marked "Confidential" because they contain confidential information, such as Allstate's competitive business information, Shao's personal information, customer information, and Allstate's sensitive financial information. (See Dkt. 45, ¶ 2).

10. Despite his obligation to meet-and-confer with Allstate, Shao neither contacted Allstate about its confidentiality designations nor asked Allstate about a motion to seal. Shao did not otherwise discuss the contents or merits of his Plaintiff's Responses In Opposition To Defendant's Production of Documents with Allstate. Had Shao done this, Allstate would have explained that (1) the Exhibits contain confidential information, and (2) pursuant to Paragraph 9 of the Protective Order, Shao needed to file a motion for seal before filing his motion.

11. The terms of an agreed-upon Protective Order should be enforced. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 586 (E.D. Va. 2009) (third party was justified in assuming confidential documents would not be filed publicly in pre-trial matters); *Seattle Times v. Rhinehart*, 467 U.S. 20, 37 (1984) (district court properly entered protective order to limit the disclosure of pretrial discovery).

12. Since the Exhibits contain information that should remain strictly confidential, Allstate hereby moves to have those exhibits removed from the public docket.

13. Shao's decision to file confidential documents on the docket is sanctionable behavior. Once again, Shao intentionally defied this Court's Order. Allstate reminded Shao of his obligations under the Protective Order, and was available to answer any questions Shao may have. Unfortunately, however, Shao did not engage with Allstate and ignored the Protective Order.

14. Shao's reckless behavior without regard to this Court's authority or rule of law is willful and sanctionable. Accordingly, Allstate requests its fees and costs associated with bringing this Motion.

WHEREFORE, Allstate respectfully requests that this Court enter an Order: (a) removing the Exhibits from the docket; (b) an award of costs and fees associated with bringing this Motion; and (c) for any and all other relief that this Court deems proper and just.

Dated: February 22, 2024

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
Meghan Golden (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600

Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd of February a copy of the foregoing *Defendant Allstate Insurance Company's Motion to Remove From Docket* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                             */s/ Laura Seferian*
                                             Laura Seferian