THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | No.: 1:23-cv-00809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
<u>MOTION TO COMPEL DEPOSITION</u>**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully submits this Motion to Compel the Deposition of Plaintiff Paul Shao ("Shao" or "Plaintiff") pursuant to Rule 37. Allstate also requests that the current fact discovery deadline of March 8, 2024, be extended for the limited purpose of taking Shao's previously noticed deposition. Allstate further requests that Shao be sanctioned for his willful refusal to sit for his deposition in a timely manner in spite of Allstate's efforts to schedule his deposition and that this Court find that Allstate is otherwise entitled to reasonable expenses incurred in bringing this Motion. In support hereof, Allstate state as follows:

**<u>INTRODUCTION</u>**

Once again, Shao fails to comply with his discovery obligations, despite the Court and Allstate explaining those obligations to him. Allstate noticed Shao's deposition over two months ago. When Shao refused to sit for his deposition and otherwise discuss its scheduling, this Court entered an order directing Shao to meet and confer with Allstate about his deposition. Shao purported to heed this Court's advice and finally set a date of his deposition with Allstate. Yet,

1

less than one week later, Shao decided that he did not want to take his deposition on the noticed date without any legitimate explanation.

Fact discovery is now set to close in three days, and Shao continues to refuse to take his deposition. Most recently, he stated he would not take his deposition until *after* the discovery cutoff, but that is simply not how discovery cutoffs work. Shao's willful refusal to schedule his deposition prohibits Allstate's ability to defend itself in this matter and comply with this Court's deadlines. Put another way, Shao cannot sue Allstate and then refuse to participate in oral discovery.

Accordingly, Allstate moves to compel Shao to schedule and sit for his deposition. As Shao reported during the March 1 hearing, Shao plans to travel later this week and weekend and will be unavailable. Therefore, Allstate also requests that that the discovery cutoff be extended for the limited purpose of taking Shao's deposition. Finally, Allstate requests sanctions, including its attorneys' fees and costs, for Shao's refusal to sit for his deposition and Allstate's need to bring this motion.

## FACTUAL BACKGROUND

Fact discovery was originally set to close on February 9, 2024, with all depositions noticed by December 27, 2023. (Dkt. 34). Shao filed a Motion to Extend the Deadline for Deposition Notices. (Dkt. 53). The Court granted his motion and extended the deadline to serve deposition notices to January 19, 2024. (Dkt. 55).

Allstate served Shao with his deposition notice on January 4, 2024. Counsel for Allstate asked Shao to call them so they "can discuss when and where your deposition will occur." Dkt. 78-1 at 4. Shao did not respond to this Notice, and counsel for Allstate followed up on January 9, 2024. *Id*. The next day, on January 10, Shao indicated he did not see his Notice of Deposition on the docket, and counsel for Allstate explained that the Federal Rules do not typically allow for

2

discovery documents to be filed on the docket. *Id.* at 2-3. Despite Allstate's explanation, Shao insisted on Allstate improperly filing the Notice of Deposition on the docket and stated he was "happy to go to the Fourth Circuit Court of Appeals in Richmond, Virginia to make [his] point." *Id*. at 1. In sum, Shao refused to accept this notice and refused to schedule his deposition because Allstate did not file the Notice of Deposition on the docket, despite the Federal Rules explicitly prohibiting such documents from the docket. Fed. R. Civ. P. 5(d).

On February 5, 2024, the Court ordered Shao to meet and confer with Allstate regarding his deposition. (Dkt. 82). Shao did not meet and confer with Allstate or otherwise contact Allstate regarding his deposition. Then, two days later, on February 7, 2024, Allstate filed its Motion to Extend Discovery Deadline. (Dkt. 83). In the Motion, Allstate expressed its concerns about Shao's refusal to take his deposition (among other things) and asked the Court to extend the discovery deadline by four weeks to ensure sufficient time to take his deposition. (Dkt. 83, ¶¶ 3, 6). The Court granted Allstate's motion and set a fact discovery deadline of March 8, 2024. (Dkt. 97).

Between February 7, 2024 and February 15, 2024, Allstate contacted Shao asking him if he was available on February 21 or any date between February 26 and March 1 for his deposition. Exhibit A, at p. 2-3. On February 15, 2024, Shao finally agreed to take his deposition on February 28. *Id.* at 2. The parties continued to discuss arrangements for Shao's deposition, and Allstate began preparing for Shao's deposition. *Id.*

On February 20, 2024, Shao contacted counsel for Allstate and stated that he "changed [his] mind about taking [his] deposition on the 28th." Exhibit B, at 2. Shao expressed his belief that Dkt. 104, which he characterized as an "Order Rescind Deposition" imposed an automatic stay of discovery. *Id*. That same day, Allstate responded and told Shao that the case was not stayed. *Id.* Allstate further explained that if Shao cancels his deposition, Allstate will need to file a motion to compel deposition due to the March 8 discovery cutoff. Counsel for Allstate provided

3

her phone number in case Shao had further questions, but Shao did not contact her. Instead, he responded, "I shall check w the Court of Appeal and then contact u." *Id*. Shao did not contact Allstate about his deposition after this email.

On March 1, 2024, the Court held a hearing to address a series of discovery disputes. Dkt. 123. During this hearing, the Court reminded the parties that they must comply with the March 8 discovery deadline and scheduled an in-person status conference for March 15, 2024. The Court also declined to sanction Shao during this hearing, but it did warn him that consequences may result if he continues to disregard his discovery obligations. Following the hearing, Allstate contacted Mr. Shao about his deposition via e-mail and offered to take it that Tuesday, March 5. Exhibit B at 1. Counsel for Allstate, Katie Burnett and Meghan Golden, both separately called Shao about his deposition to follow up by email and discuss logistics. The phone number Shao provided in his signature block (202-290-6300) was disconnected, and the calls did not go through.[1]

Shao responded later that day that he was willing to sit for a deposition, but that he will not sit for one on Tuesday, March 5 because he is "exhausted." *Id*. Shao further indicated his intent to file "a motion of stay." *Id*. Shao represented that he "shall not be able to do anything physically and mentally" until that motion is filed. *Id*. To date, Shao has not filed that "motion to stay." Based on these representations, and the representations made during the hearing that he is traveling to Austin, Texas, this week, Allstate does not anticipate that Shao will sit for his deposition on or before this Friday, March 8, the close of fact discovery.

**LEGAL STANDARD**

---

[1] Since this date, Shao reported that the number in his signature block is a typo and his phone number is 202-390-6300. This acknowledgement does not, however, excuse Shao from failing to contact Allstate by telephone on the numerous occasions when it was requested or offered, or from scheduling his deposition by email.

Rule 37 allows a party to move for an order compelling a party to sit for its deposition. Fed. R. Civ. P. 37; *JTH Tax, Inc. v. Aime*, 2016 WL 09223926, at *6 (E.D. Va. Dec. 13, 2016). The Court should grant a motion to compel deposition when that deposition was timely noticed, and a party otherwise stops the deposition from occurring. *Garda Supplies, Rental & Servs., Ltd. v. City Walk One, LLC*, 2019 WL 8128147, at *2 (E.D. Va. Jan. 7, 2019). In granting a motion to compel, the Court can extend the fact discovery deadline for the limited purpose of obtaining the discovery sought. *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 993 (E.D. Va. 1998).

Rule 37(d) also allows for an award of sanctions if a party fails to attend its deposition. Fed. R. Civ. P. 37(d)(1)(a)(i); *LaMonds v. Lake Ridge Parks & Recreation Ass.*, 2018 WL 6537141, at *2 (E.D. Va. Dec. 12, 2018). When a party prohibits its own deposition without substantial justification, the moving party may also be awarded its fees and costs under Fed. R. Civ. P. 37(a)(5)(A). *Garda Supplies, Rental & Servs., Ltd.*, 2019 WL 8128147 at *2.

## ARGUMENT

Despite Allstate timely noticing Shao's deposition two months ago, Shao refused and continues to refuse to sit for his deposition. Specifically, Allstate contacted Shao about scheduling his deposition on at least the following dates: January 4, January 9, February 7, February 9, February 15, and March 1. Despite these efforts, Shao refused to sit for his originally scheduled deposition as well as the deposition scheduled for February 28. He also refused to participate in his deposition during the week of March 4. Allstate has attempted to meet and confer with Shao on numerous occasions, without success. When Shao does participate in these discussions, it is to cancel the depositions and/or promise (and fail) to follow up with Allstate's counsel for dates. The fact that Shao the litigation process has exhausted him is not a justification for refusing to sit for depositions or otherwise meaningfully engage in the oral discovery process. As plaintiff, Shao has

a responsibility to participate in discovery of his claims. *See Duse v. Barnes & Noble, Inc.*, 2011 WL 13192908, at *2 (E.D. Va. Dec. 22, 2011) (dismissing *pro se* plaintiff's claim with prejudice because "plaintiff has completely refused to participate in the pretrial and discovery process…").

Likewise, the fact that Shao brought his claims *pro se* does not mean that Shao can thwart the Court's discovery cutoff or create his own rules for this litigation. *Pro se* litigants are required to abide by the same rules as attorneys, and *pro se* plaintiffs are expected to participate in the discovery process. *Horne v. Methodist Home for Child., Inc.*, 2013 WL 856175, at *2 (W.D.N.C. 2013) ("Despite the fact that Plaintiff is proceeding *pro se*, Plaintiff must still participate in the discovery process…"); *Baskins v. Experian*, 2023 WL 7923860, at *4, (D.S.C. Dec. 4, 2023) ("Even though they are proceeding pro se, Plaintiffs are responsible for their actions and affirmative decisions to refuse to respond to discovery."); *Woods v. Well Fargo Bank, N.A.*, 2012 WL 601872, at *3 (D.S.C. Feb 23, 2012) ("[Pro se] Plaintiff appears to have acted in bad faith as she has ignored Court orders, failed to show for her depositions, and has provided no reasonable basis for doing so."). In light of these circumstances, this Court should grant Allstate's Motion to Compel Shao to sit for his deposition. *Lorillard Tobacco Co. v. California Imports LLC*, 2011 WL 4625953, at *2 (E.D. Va. Oct. 3, 2011) (granting motion to compel deposition where notice was timely issued yet plaintiff refused to provide dates). Shao should not be excused from his obligations as plaintiff.

Further, given the upcoming fact discovery deadline of March 8, 2024, Allstate respectfully requests that this Court extend the fact discovery deadline for the limited purpose of taking Shao's previously noticed deposition.[2] *Tack Gen. P'ship,* 28 F. Supp 2d at 993 (allowing additional sixty days of discovery following resolution of motions to compel); *Selby v. City Wide Bus Co., Inc.*,

---

[2] If this Court compels Shao to schedule and sit for his deposition, Allstate proposes a limited extension of 10-14 days. Allstate is available to take Shao's deposition on March 14, March 18, or March 19.

6

2022 WL 4786688, at *2 (D. Md. 2022) (extending discovery deadline to accommodate depositions previously noticed). The requested extension is not made for the purpose of delay, will not impact the current trial date or any other deadline set forth in the Scheduling Order. In particular, the Court recently canceled the parties pre-trial conference, and Allstate anticipates further dates being set at the upcoming status conference on March 15, 2024. Minute Entry, 2/29/24; Dkt. 124. This proposed extension is made in good faith and will not cause any undue prejudice to Shao.

Finally, Shao should be sanctioned for his refusal to schedule and sit for the deposition. This Court reminded Shao of his discovery obligations on March 1, and specified that the parties needed to complete discovery before March 8. Shao did not heed this Court's directive, which suggests that Shao's refusal to sit for his deposition is willful and intentional. Shao's failure to communicate with Allstate in good faith to schedule his deposition over the last two months cannot be excused. This Court must put a stop to this behavior and sanction Shao for his willful disregard of the Court's orders. *White v. Golden Corral of Hampton,* LLC, 2013 WL 12143951, at *1-2 (E.D. Va. Dec. 20, 2013) (sanctioning pro se litigant who refused to attend deposition); *LaMonds*, 2018 WL 6537141, at *3 (same); *Matthews v. Rational Wiki Found.*, 2017 WL 112974, at *2 (E.D. Va. Mar. 24, 2017) ("[P]ro se litigants are not immune from any sanction by virtue of their status alone") (citation omitted); *Baskins*, 2023 WL 7923860, at *4 (dismissing case as sanction for failure to participate in discovery); *Woods*, 2012 WL 601872, at *3 (same).[3]

Therefore, this Court should grant Allstate's motion to compel Shao to schedule and sit for his deposition, extend the discovery deadline for the limited purpose of conducting Shao's

---

[3] Should the Court find that Allstate is otherwise entitled to its expenses incurred in bringing this Motion, Allstate will submit an affidavit in accordance with Fed. R. Civ. P. 37(a)(5)(A). *See Garda Supplies, Rental & Servs., Ltd.*, 2019 WL 8128147 at *2.

deposition, and sanction Shao for his failure to participate in discovery and abide by this Court's directives.

## CONCLUSION

For the foregoing reasons, Allstate respectfully requests that this Court enter an Order: (a) directing Plaintiff Paul Shao to appear for his deposition; (b) extending the current fact discovery deadline for the limited purpose of taking Shao's previously noticed deposition; (c) sanctioning Shao for his failure to schedule or attend his deposition; (d) awarding Allstate its reasonable expenses incurred in making this motion; and (e) for any and all other relief that this Court deems proper and just.

Dated:  March 5, 2024

Respectfully submitted,

/s/ Laura Seferian
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
Meghan Golden (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949
Facsimile:  312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

24057997 v3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th of March a copy of the foregoing *Defendant Allstate Insurance Company's Motion to Compel Deposition* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                                  */s/ Laura Seferian*
                                                  Laura Seferian