THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>　　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　Defendant. | No.: 1:23-cv-00809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER ON DEFENDANT'S MOTION TO COMPEL DEPOSITION**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully submits this response in opposition to Plaintiff's Motion for Reconsideration of the Order on Defendant Allstate Insurance Company's Motion to Compel Deposition ("Motion for Reconsideration") (Dkt. 138):

1. Plaintiff Paul Shao's ("Shao") Motion for Reconsideration seeks to overturn the order compelling him to sit for his deposition. Like his last three motions to reconsider, Shao provides no legitimate basis for doing so.

2. Allstate's motion to compel Shao to schedule and sit for his deposition was filed after Shao refused for two months to commit to a date and/or ignored Allstate's requests. Most recently, Allstate filed its Motion to Extend Discovery Deadline to allow additional time to take Shao's deposition, and the Court set a fact discovery deadline of March 8, 2024. (Dkt. 83, 97). During the March 1 hearing, this Court emphasized that the parties must comply with the March 8 discovery deadline. (Dkt. 127).

1

3.      The same day of the hearing, Allstate subsequently contacted Shao about his deposition. (Dkt. 129-1, p. 1). Shao responded that he is "exhausted" and plans to file a "motion to stay." (*Id*.). Based on these representations, along with the representations he made during the hearing that he was planning to travel to Austin, Texas for several days, Allstate concluded that Shao would not sit for his deposition on or before March 8.  Accordingly, Allstate filed its Motion to Compel Deposition ("Motion to Compel") on March 5, 2024. (Dkt. 127).

4.      On March 7, 2024, the Court granted Allstate's Motion to Compel. (Dkt. 132). The Court ordered Shao to schedule and sit for a deposition on or before March 20, 2024—extending the discovery deadline to March 20 for this limited purpose.  *Id*.  The Court also denied Allstate's request for sanctions and attorney fees without prejudice.  *Id*.  Shao's Motion for Reconsideration challenges this Order.

5.      Under Rule 54(b), the Court has discretion to revise its decision at any time before the entry of a judgment. Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b) is appropriate when "the prior decision was clearly erroneous and would work manifest injustice." *Williams v. Clarke*, 2014 WL 2808845, at *1 (E.D. Va. 2014) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id*.

6.      Shao raises three concerns in his Motion for Reconsideration. *First*, Shao is "exhausted" and experiencing health concerns. (Dkt. 138, ¶ 1, 2).  *Second*, Shao did not have sufficient time to respond to Allstate's Motion to Compel. (Dkt. 138, ¶ 3).  *Third*, Shao requested a stay in the Fourth Circuit Court of Appeals. (Dkt. 138, ¶ 4).

7.      None of these concerns address the underlying issue: Shao, the plaintiff in this litigation, must participate in the discovery process. To date, Shao has not, and cannot, provide this Court with an adequate reason as to why he should not sit for a deposition. The Court's

decision to grant Allstate's Motion to Compel was not clearly erroneous, and requiring Shao to sit for a deposition would not result in "manifest injustice." *See South Carolina v. United States*, 232 F. Supp. 3d 785, 799 (D.S.C. 2017) ("Manifest injustice occurs where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.") (citations omitted).

8. Shao feeling exhausted does not justify his refusal to sit for a deposition. Allstate already raised this issue in its Motion to Compel, and Shao's Motion for Reconsideration does nothing more than re-hash this point. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (noting that a motion to reconsider should not be used "to ask the Court to rethink what the Court had already thought through—rightly or wrongly."). As Plaintiff, Shao has a responsibility to participate in the discovery of his claims. While Allstate is sympathetic to Shao's health concerns, Shao is not excused from this obligation.

9. Further, Shao claims he did not have enough time to respond to Allstate's Motion to Compel. The Court, however, rightfully granted Allstate's Motion to Compel prior to the close of fact discovery. Although the scheduling order allows seven days for a party to file a response brief, the Court does not need to wait before ruling on a non-dispositive motion. *Gibbs v. Stinson*, 2019 WL 2016707, at *6 (E.D. Va. May 7, 2019) ("[A] district court possesses inherent powers…to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (citing *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016)). Because fact discovery was closing in three days, the Court acted well within its discretion in granting Allstate's Motion to Compel and extending the discovery deadline for the limited purpose of Shao's deposition.

10. Finally, Shao claims the case is somehow stayed. A pending motion to stay in the Fourth Circuit Court of Appeals does not require this court to stay all proceedings. "The decision

3

of whether to stay proceedings is entrusted to the discretion of the district court." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). The Fourth Circuit has not ordered that proceedings in this Court are stayed, and this Court has not stayed discovery in this matter.

11. Shao's Motion is the fourth instance where Shao filed a motion for reconsideration without basis in fact or law. *See* Dkts. 26, 56, 86. Shao's simple disagreement with the Court's ruling is unfounded and improper for these motions. *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019) ("[D]isagreement with the Court's analysis 'does not support a motion for reconsideration…'") (citations omitted).

12. Shao is the Plaintiff in this litigation. He has an obligation to participate in the discovery process. Shao's incessant delay tactics and baseless motions continue to waste this Court's time and resources. This case is not stayed, and the Court properly ordered Shao to sit for his deposition in a timely manner. Therefore, the Court should affirm its order and deny Shao's Motion.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Dated:  March 14, 2023

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949
Facsimile:  312.767.9192

          Email: lseferian@beneschlaw.com
          shumphrey@beneschlaw.com
          kburnett@beneschlaw.com

          *Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th of March, a copy of the foregoing *Defendant's Response In Opposition To Plaintiff's Motion for Reconsideration of the Order on Defendant's Motion to Compel Deposition* was mailed first-class, postage prepaid, and emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                       */s/ Laura Seferian*
                                       Laura Seferian