THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL SHAO<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | No.: 1:23-cv-00809 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO REPLY IN SUPPORT OF ITS MOTION TO SEAL AND TO FILE A <u>RENEWED MOTION TO SEAL</u>**

Defendant Allstate Insurance Company ("Allstate" or "Defendant") respectfully requests an extension of time to file its Reply in support of its Motion to Seal excerpts from its Response in Opposition to Plaintiff Paul Shao's ("Shao" or "Plaintiff") Motion for Partial Summary Judgment and its renewed Motion to Seal excerpts and Exhibits from its Motion for Summary Judgment.  In support thereof, Allstate states as follows:

1.   On October 30, 2024, the Court directed Allstate and Plaintiff Paul Shao to file any motions for summary judgment on or before November 27, 2024.  Dkt. 156.

2.   On November 26, 2024, On November 26, 2024, Shao filed his Motion for Partial Summary Judgment.  Dkt. 158.  On December 27, 2024, Allstate filed its Response in Opposition to Plaintiff Paul Shao's Motion for Partial Summary Judgment and sought to seal excerpts of the exhibits that were attached to Allstate's Motion for Summary Judgment.  Dkts. 183-187.  On January 2, 2025, Shao filed his opposition to Allstate's Motion to Seal.  Dkt. 188.

3.   On November 27, 2024, Allstate filed its Motion for Summary Judgement.  Dkts. 160-162.  Allstate also moved to seal Exhibits 1-17 and limited excerpts of its Motion.  Dkts. 163-

1

166. On December 6, 2024, Shao responded in opposition to Allstate's motion to seal. Dkt. 175. On December 23, 2024, this Court denied Allstate's motion to seal without prejudice and ordered that the Exhibits and redacted portions of Allstate's Memorandum in Support of the Motion for Summary Judgement (Dkt. 165) remain sealed for twenty-one days, or until January 13, 2024. Dkt. 181. The Court also stated that during that time, Allstate could move to seal in a more particularized manner consistent with the First Amendment standard and the Local Rules. *Id.*

4. Pursuant to this Court's Local Rules, Allstate's reply in support of its Motion to Seal the excerpts cited in its Opposition to Shao's Motion for Partial Summary Judgment is due on January 9, 2025. L.R. 7(F)(1). Pursuant to the Court's December 23, 2024 order, Allstate's renewed Motion to Seal the Exhibits and limited excerpts from those exhibits is due no later than January 13, 2024. Dkt. 181. This Motion seeks an extension of the time by which to file the renewed Motion to Seal – in which Allstate will also address the issues Shao raises in his Opposition (Dkt. 188) – by eleven days, or until Friday, January 24, 2025.

5. The reason for this Motion and request is two-fold: First, Allstate is taking steps to investigate Shao's allegations that the information Allstate seeks to seal is publicly available. Second, if Allstate finds that Shao's allegations are accurate, Allstate wishes to take the necessary steps to protect its confidential information. Moreover, Allstate seeks to file one brief because the issues covered by both Motions to Seal, and Shao's oppositions thereto, are the same.

6. Counsel for Allstate reached out to Shao via telephone and email to request his consent to this motion. As of the time of this filing, counsel for Allstate did not hear back from Shao.

7. Accordingly, Allstate respectfully requests this Court extend the deadline by eleven days, or until Friday, January 24, 2025 to file the renewed Motion to Seal. In the renewed Motion

to Seal, Allstate will also address the issues Shao raises in his Opposition (Dkt. 188). Allstate also respectfully requests that the Court order the documents remain sealed until this Court considers Allstate's renewed Motion to Seal.

8. Allstate is making this request in good faith and not for the purpose of undue delay.

WHEREFORE, Allstate respectfully requests that this Court enter an Order: (a) extending the deadline for filing Allstate's renewed Motion to Seal pursuant to this Court's December 23, 2024 order (Dkt. 181); (b) granting Allstate leave to address the issues raised in Shao's Opposition (Dkt. 188) in the renewed motion to seal; (c) directing that the documents remain sealed until this Court considers Allstate's renewed Motion to Seal; and (d) for any and all other relief that this Court deems proper and just.

Dated: January 7, 2025

Respectfully submitted,

*/s/ Laura Seferian*
Laura Seferian (Va. Bar No.: 92510)
J. Scott Humphrey (admitted *pro hac vice*)
Katie M. Burnett (admitted *pro hac vice*)
Meghan Golden (admitted *pro hac vice*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
Email: lseferian@beneschlaw.com
shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th of January a copy of the foregoing *Defendant Allstate Insurance Company's Motion for Extension of Time* was emailed to:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

                                                            */s/ Laura Seferian*
                                                            Laura Seferian